IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAN VALDEZ, Individually and On Behalf of All Others Similarly Situated, § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 2:15-cv-0144 | |
| SUPERIOR ENERGY SERVICES, INC., d/b/a SPC RENTALS, and WARRIOR ENERGY SERVICES, CORP. § § § § § | Jury Demanded | |
| Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Adan Valdez, on behalf of himself and all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff, and those similarly situated, in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not paid time-and-one-half of his regular rate of pay for all hours worked in excess of 40 hours per workweek. Rather, Defendants paid

Plaintiff and those similarly situated, a salary plus bonuses for nonexempt work and failed to pay them overtime pay for overtime work. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3.   Plaintiff is an individual who resides in Alice, Texas and was employed by Defendants within the meaning of the FLSA within the three year period preceding the filing of this complaint. He hereby consents to be a party in this action and his consent form is attached as "Exhibit A".

4.   The Plaintiff and "Class Members" are Defendants' current and former employees (1) who work(ed) for Defendants in the three years prior to the filing of this lawsuit, (2) who performed pressure control and well-site services by operating grease units while working on singularly or on two-man crews, and (3) who were paid a salary. This includes individuals referred to as "grease operators," "grease supervisors," "operations supervisors" or other similar titles.

5.   Defendant Superior Energy Services, Inc. ("Superior") is headquartered in Texas. Superior may be served with process through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

6.   Defendant Warrior Energy Services Corp. ("Warrior") is Delaware corporation licensed to do business in Texas. Warrior can be served with process through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## III.   JURISDICTION AND VENUE

7.   This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8. Venue is proper in the Southern District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE FACTS

9. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

10. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

14. Defendants specialize in providing oilfield services to various drilling and production companies.

15. Plaintiff was employed by Defendants from approximately October 27, 2011, to approximately the present.

16. Plaintiff's position is sometimes referred to as "grease operator," "grease supervisor" or "operations supervisor," but Plaintiff does not supervise two or more full time employees.

17. Plaintiff is responsible for operating Defendants' grease units to provide pressure control services to Defendants' clients.

18. Plaintiff works on a two-man crew with himself and one other individual (a rigger).

19. Plaintiff did not have authority to hire or fire other employees or effectively recommend hiring and firing of other employees.

20. Plaintiff was assigned to work on seven day shifts with each day lasting 12 hours or more. Plaintiff worked three weeks on and one week off.

21. Plaintiff routinely worked in excess of 40 hours per week and was often working 84 or more hours per week.

22. Plaintiff was paid a salary for his work. Plaintiff also received bonus payments for his work.

23. Plaintiff was not paid overtime pay at a rate of one-and-a-half times his regular rate of pay for the hours he worked in excess of 40 per week.

24. Defendants currently employ and have employed the Class Members who performed similar job duties under similar pay provisions which deprived them of overtime pay.

25. Defendants were aware or should have been aware their pay system did not comply with the FLSA. Defendants have faced several lawsuits since 2011 alleging many of their employees were misclassified and not paid proper overtime. Consequently, Defendants knowingly,

willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS/FACTS

26. Plaintiff and the Class Members performed the same or similar job duties as one another in that they worked as "grease operators," "grease supervisors" or "operations supervisors," and performed pressure control and well-site services by operating grease units while working on two-man crews for Defendants. Further, Plaintiff and the Class Members were subjected to the same pay provisions in that they were paid a salary and received bonus payments, but were denied overtime pay when required to work over forty (40) hours in a work week. The Class Members routinely worked in excess of 40 hours per week. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

27. Defendants' failure to compensate Plaintiff and the Class Members for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of misclassifying them as exempt. This policy or practice is/was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or the Class Members. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. During the relevant period, Defendants have violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-

half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

29. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys fees; and

    d.    For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

\s\ J. Derek Braziel
**J. DEREK BRAZIEL**
*Attorney in Charge*
SD Bar No. 21134
State Bar No. 00793380
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone

(214) 749-1010 fax
www.overtimelawyer.com

John R. Solis
Texas Bar No. 24027999
SD Bar No. 533692
Law Office of John R. Solis
2620 San Bernardo Ave.
Laredo, Texas 78040
956-718-2300 Tel
956-727-8965 Fax

**ATTORNEYS FOR PLAINTIFF**