Case 2:15-cv-00144 Document 37 Filed in TXSD on 03/18/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAN VALDEZ, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:15-CV-144 |
| | § | |
| SUPERIOR ENERGY SERVICES INC.; dba SPC RENTALS, *et al*, | § § § § | |
| Defendants. | § | |

### ORDER

BE IT REMEMBERED that on March 18, 2016 the Court **ENTERED** the Joint Stipulation conditionally certifying the class, Dkt. No. 35, **DENIED AS MOOT** Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification, Dkt. No. 28, and **DENIED AS MOOT** Plaintiff's Unopposed Motion to Extend Deadline to File Reply in Support of Collective Action Certification, Dkt. No. 36.

On January 14, 2016, Plaintiff filed a Motion for Notice to Potential Plaintiffs and Conditional Certification. Dkt. No. 28. After receiving an extension, Defendants filed a response on February 12, 2016. Dkt. No. 32. On March 10, 2016, the parties submitted a joint stipulation to the Court. Dkt. No. 35. The parties state that they agreed to conditionally certify the class as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

The parties further stipulate to that the Notice and Consent Form, Dkt. No. 35, Exs. A and B, are timely, informative, and accurate. The parties agreed to use such forms as the exclusive means to inform class members of their right to opt into this lawsuit. Nothing in the Joint Stipulation or in the Notice and/or Consent Form shall be interpreted as limiting, waiving, or modifying any of the Parties' claims and/or defenses. Despite this stipulation, Defendants continue to deny that they have violated the FLSA in any respect.

Defendants are **ORDERED** to produce the names, last known addresses and email addresses of Warrior Energy Services Corporation d/b/a SPC Rental's current and former Grease Supervisors, Operations Supervisors, Operators, or Field Supervisors (or workers known under a distinct title but whose primary duties were to set up, operate, and monitor Defendants' grease injection and other related pressure control equipment and tools), employed in Texas or Louisiana, who were paid in whole or in part on a salary basis and worked from March 2013 to the present ("Employee Information"). Defendants shall provide the Employee Information in an electronic form that can be used by Plaintiff in mailing out the Court-approved Notice. If the information is not stored electronically, Defendant shall provide it in written form. This information must be produced to Plaintiff within fifteen business days of the entry of this Order.

If Defendants fail to provide the Employee Information within fifteen business days of the date this order is signed, the statute of limitations is equitably tolled for each day after the fifteenth business day that Defendants fail to provide the Employee Information.

The Court authorizes that the Notice submitted by Plaintiff as Dkt. No. 28, Exhibit A may be immediately issued to those individuals whose names are being provided as required by this Order. The Consent to Join form submitted by Plaintiff as Dkt. No. 28, Exhibit B shall be enclosed with the Notice to Potential Plaintiffs, along with a self-addressed, postage paid return envelope for and U.S. Postal Mailing. Plaintiff is permitted to send one subsequent mailing of this Notice at their expense. The Notice and Consent forms shall be mailed by first class mail or overnight delivery at Plaintiff's attorneys' cost and may also be sent electronically by email.

The Potential Plaintiffs shall be provided sixty (60) days after the date the Notice and Consent forms are initially mailed to file a Consent to Join form opting-in to this litigation, unless the Parties agree to permit late filings or good cause can be shown as to why the consent was not postmarked or received prior to the deadline. A Consent to Join that is postmarked on the deadline is considered timely.

Consents received by mail without postmarks shall be considered timely if received within five business days of the deadline. Plaintiff shall provide the Court and opposing counsel with a notice indicating the date on which the Notice forms were initially mailed so the Court and the Parties are advised of the beginning of the opt-in period.

Plaintiff's counsel shall date stamp the returned consents on the day they are received in counsel's office and retain any envelope or other evidence showing the date the consent form was postmarked, fax-stamped, or received. Within 10 days after the close of the Opt-In Period, Plaintiffs' counsel will file the consent forms for the Opt-In Plaintiffs, noting the received date for each individual on the Notice of Filing. For purposes of the statute of limitations, the received date will be the date the consent forms are considered to be filed with the Court.

Within 30 days after the close of the opt-in period, the Parties are directed to confer pursuant to Rule 16(b) to present the Court with a proposed Joint Scheduling Order and Case Management Plan setting forth proposed dates and covering the items set forth in the Court's previous Order Requiring Scheduling Conference. The Case Management Plan should set forth the Parties' agreements concerning how discovery will proceed and how the case will proceed at trial. If the Parties cannot agree on elements of the Proposed Scheduling Order or Case Management Plan, they may present their views in the submission for Court determination. The Parties must file the Joint Scheduling Report and Case Management Plan within 14 days of the deadline for the Parties to confer.

Because the parties have stipulated to the relief sought in Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification, Dkt. No. 28, the Court **DENIES AS MOOT** Plaintiff's motion for conditional certification.

Finally, Plaintiff need not submit a reply to the motion for conditional certification, so Plaintiff's Unopposed Motion to Extend Deadline to File Reply in Support of Collective Action Certification, Dkt. No. 36, is also **DENIED AS MOOT**.

It is SO ORDERED.

SIGNED this 18 day of March, 2016.

_____
Hilda Tagle
Senior United States District Judge