Case 2:15-cv-00144 Document 63 Filed in TXSD on 08/09/17 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 09, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAN VALDEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:15-CV-144 |
| | § | CIVIL NO. 2:15-CV-374 |
| SUPERIOR ENERGY SERVICES INC.; | § | |
| dba SPC RENTALS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Now before the Court are the parties' "Phase II Joint Discovery plan and Scheduling Order," Dkt. No. 58, as well as briefing from the parties on the scope of discovery each side proposes is appropriate in this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Dkt. Nos. 60 and 62.

The above-named plaintiff and opt-in plaintiffs (collectively, "Plaintiffs") bring this action[1] against Superior Energy Services, Inc. and Warrior Energy Services Corporation d/b/a SPC Rentals (collectively, "Defendants"), for alleged violations of the overtime wage provisions of the FLSA. On March 18, 2016 the Court entered a joint stipulation of the parties conditionally certifying a class in this collective action, composed of "current and former Grease Supervisors, Operations Supervisors, Operators, or Field Supervisors (or workers known under a distinct title but whose primary duties were to set up, operate, and monitor Defendants' grease injection and other related pressure control equipment and tools), employed in Texas or Louisiana, who were paid in whole or in part on a salary basis and worked from March 2013 to the present." *See* Dkt. No. 37 at 2. To date, approximately sixty-six individuals have opted in as plaintiffs in this action. Dkt. No. 62 at 1.

---

[1] Plaintiffs also include Samuel Salas, who filed a separate FLSA action against Warrior Energy Services in *Samuel Salas, Individually and on Behalf of all Others Similarly Situated v. Warrior Energy Services Corporation*, Civil Action No. 2:15-CV-374 (S.D. Tex.) This case was consolidated into the instant, lead case on agreement of the parties and by this Court's December 11, 2015 Order, Dkt. No. 16. The cases are consolidated for all discovery and pre-trial matters, but will proceed separately for trial. *Id.*

On April 4, 2017, the parties submitted a proposed Joint Phase II Discovery and Case Management Plan, on the Court's order, suggesting deadlines and procedures for the post-conditional certification phase of this litigation. Dkt. No. 14. In this document and supplemental briefing filed by Plaintiffs and Defendants, Dkt. Nos. 60 and 62, the parties dispute whether discovery should proceed as to all Plaintiffs or instead, as to a representative group. Plaintiffs propose the parties identify a group of "Discovery Plaintiffs" composed of "the named plaintiff, seven (7) individuals selected by Defendants, and seven (7) individuals selected by Plaintiffs for a total of 15 Discovery Plaintiffs," for the purposes of "summary judgment, motions for decertification, and for trial (if necessary)." Dkt. No. 58 at 2. Defendants consent to Plaintiffs proposal with respect to depositions, but not to written discovery, which they maintain "should be sent to all Plaintiffs." *Id.* at 4. The parties disagree further as to which plaintiffs should be able to testify at trial, as needed. Plaintiffs request that no testimony be allowed at trial from any opt-in plaintiff other than a Discovery Plaintiff, or from any current or former employee of Defendants not affiliated with this collective action, unless notice is given to the opposing party "at least 90 days" before the close of discovery. *Id.* at 3. Defendants summarily oppose this proposal. *Id.* at 6.

As Defendants acknowledge, "the Fifth Circuit has never explicitly addressed the permissible scope of discovery in FLSA collective actions following conditional certification." *Winkler v. Sunbelt Rentals, Inc.*, 2014 WL 12596498 at *4 (N.D. Tex. July 10, 2014.) Generally, however, "[a] trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982). Pursuant to this discretion, and given the Fifth Circuit's recognition of the "representative" character of FLSA collective actions, *see Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), this Court finds that representative discovery in line with Plaintiffs' proposals is appropriate in this case.

Defendants state that their written discovery is limited to "only 2 interrogatories and 12 requests for production," which seek information on the basis for Plaintiffs' claims they worked over 40 hours a week for Defendants. Dkt. No. 62

at 4. They claim they "must obtain the specific information requested in the interrogatories from the Plaintiffs regarding their claimed hours worked and locations worked to understand and evaluate Plaintiffs' damage claims." *Id.* Yet Defendants also inform the Court that they have already "voluntarily produced the payroll and personnel files of all or substantially all of the named Plaintiffs and opt-in Plaintiffs," *see* Dkt. No. 58 at 7, information which it is reasonable to infer will allow Defendants to assess the viability of Plaintiffs' damages claims. Defendants have also already agreed to Plaintiffs' proposal to limit depositions to a representative group of fifteen plaintiffs according to Plaintiffs' formula described herein. The Court now **ORDERS** the parties to additionally limit written discovery propounded on Plaintiffs to these fifteen "Discovery Plaintiffs," according to the terms proposed by Plaintiffs in the parties' Phase II Joint Discovery Plan and Scheduling Order, Dkt. No. 58. The Court also **ORDERS** the limitations on trial testimony proposed by Plaintiffs in this same document, provided that the option for Defendants to secure testimony from any opt-in plaintiff other than a Discovery Plaintiff or from any current or former employee of Defendants not affiliated with this collective action is preserved, on the condition that notice is given at least 45 days[2] before the close of discovery of a party's intent to secure testimony from such an individual for the purposes of summary judgment, decertification, or trial.

    A Phase II Discovery Plan and Scheduling Order will issue separately.

    It is so ORDERED.

    SIGNED this 9th day of August, 2017.

                                            Hilda Tagle
                                            Senior United States District Judge

---

[2] The Court here modifies Plaintiffs' proposal, which suggested 90 days' advance notice of intent be required. *See* Dkt. No. 58 at 3.